*Philadelphia.*

### FERNSLER *against* CARLIN.

*Saturday,*
April 5.

#### IN ERROR.

Proof that a
witness offer-
ed by the de-
fendant had
said, about
two years be-
fore the trial,
"that every
cent which
should be re-
covered in that
action would
be deducted
out of his
wife's estate,"
does not ren-
der him in-
competent; it
is only his opi-
nion at the
time of taking

ERROR to the District Court of the city and county of *Philadelphia.*

On the trial of this action, (which was an action of slander,) in the Court below, the defendant offered as a witness his son-in-law, *William Naglee*, who was objected to by the plaintiff, on the ground of his being "interested in the "event of the suit, or if not interested, yet that he sup-"posed himself to be so." In support of this objection, the plaintiff proved by the testimony of *Samuel Naglee*, that *William Naglee*, about two years before this suit, had said, "that he would give five dollars out of

the oath, which can have any influence upon him.

*Query,* Whether a witness's thinking himself interested at the time of swearing, when he really is not, renders him incompetent.

"his own pocket if he could have the suit settled;" and, **1817.**
moreover, added, that "every cent which should be re-
"covered in this action would be deducted out of the
"estate of his wife," (the daughter of the defendant.)
The Court rejected the witness as incompetent, because "if
"he was not interested, he supposed himself to be so;" to
which decision the defendant excepted.

*Edwards* and *J. R. Ingersoll*, for the plaintiff in error.
There are several *dicta* in favour of the position, that a
witness who thinks himself interested is incompetent; but
the law is not so. Any prejudice or bias of that kind goes
to his credit only. 4 *Burr.* 2254. A remote, or contingent,
or doubtful interest does not disqualify. 5 *Johns.* 256.
3 *Dall.* 506. The interest must be positive; a legal fixed in-
terest in the event of the suit. 1 *Johns.* 486. 10 *Johns.* 21.
2 *Atk.* 229. Proof that a witness has confessed himself in-
terested does not disqualify him; otherwise if the party pro-
ducing him has confessed it. 5 *Mass. Rep.* 261. 8 *Mass.*
*Rep.* 487. It is expressly laid down in *Phillips on Evidence*,
41, that a witness is not incompetent, because he thinks him-
self interested. The interest must exist at the time the wit-
ness is offered. 2 *Binn.* 501. In this case it was only proved,
that two years before the witness had said his wife's fortune
would be lessened by the plaintiff's recovery.

*Browne*, contra. The witness thought that his wife's fa-
ther would deduct the whole damages recovered against him
in this suit from his wife's fortune; so that the witness and
his wife were the real defendants. That a witness who thinks
himself interested is disqualified, is distinctly asserted in
many cases. *Fotheringham* v. *Greenwood,(a)* cited in *Bac.*
*Ab. Vin. Evid.* 1 *Dall.* 62. If a creditor acknowledges
an expectation, that he shall be bettered by the event of the
suit, he is incompetent. 2 *Dall.* 50. No case in *Pennsylva-*
*nia* has over-ruled these decisions in *Dallas's Reports.* So
by Parker C. J. in 5 *Mass. Rep.* 518, if a witness testifies
under the impression of interest, he is incompetent. In 8
*Johns.* 428, it is stated as the rule, that if the witness thinks
himself interested in favour of the party calling him, and he
cannot be released, he is not a witness; otherwise, if he

(a) 1 *Str.* 129.

1817.

FERNSLER
v.
CARLIN.

thinks himself interested against the party calling him. So also in 2 *Munf.* 148, it is held that a witness considering himself interested is incompetent. The only authority to the contrary is *Phillips's Law of Evidence*; but the note to the *New York* edition shews, that the current of American authorities is opposed to the law as laid down by him.

TILGHMAN C. J. (After stating the case.) Whether a person who in truth is not interested, but thinks himself to be so, be a competent witness, is a point on which there has been a diversity of opinion. It is unnecessary to decide that question now, because the case before us, is not that of a man who thinks himself interested. Supposing, (and it is only a supposition,) that the competency of a witness should depend upon his own thoughts, respecting his interest, we must look to his thoughts *at the time when he is offered as a witness.* He might have thought himself interested some time before, but changed his mind before he was offered; and it is only his opinion, *at the time of taking the oath*, which can have any influence on his inclination. So, where *actual interest* is objected, it must be an interest at the time of swearing. If the interest is removed by a release, the competency of the witness is instantaneously restored. Now, there was no evidence here, of the thoughts of the witness, but at the distance of two years from the time he was offered. Besides, the interest, either actual, or supposed, which renders a witness incompetent, must be an *absolute, positive interest;* but there was no evidence in this case, of the witness's having ever *supposed* he had an *absolute* interest; he supposed, that whatever might be recovered in this action, would be deducted from his wife's estate. But what estate? not an estate vested in her; but one that was expected to be given to her by her father. It is just the case of a child, who expects part of his father's fortune, and knows that his share will probably be lessened, in consequence of a recovery against his father. Yet, such child is a good witness, because the rule is, that he is competent, unless positively interested in the event of the suit; he may be under a strong bias, though not positively interested; in such case he is competent, but his credibility is left to the jury.

I am, therefore of opinion, that *William Naglee*, was a com-

petent witness. The judgment must be reversed, and a *venire facias de novo* awarded.

GIBSON J. concurred.

DUNCAN J. gave no opinion, not having heard the argument.

> Judgment reversed, and a *venire facias de novo* awarded.