Curia per

JohnsoN, J.
On the questions which have arisen in this case there has been great diversity of opinion, and the decided cases are so directly opposed to each other, that in the adjudication of our own Courts it will be necessary to have resort to principle as the only safe umpire between the authorities which are arranged on the different sides. In Calston vs. Nickols, 1 Ha. and J. 105, the declarations of a witness that he was interested in the event of the suit were admitted in evidence on an objection to his competency. A case corresponding with this in every respect and in which the Court not only said that the witness was excluded by his declarations, but that his competency was not restored by a release is anonymously reported in 2d Hayu. 340. On the other hand, in Fernsler vs. Carlin, 3 Serg. & Rawle 130, and Pierce vs. Chase, 8 Mass. R. 487, it was held that the witness was not excluded by his own declara, tions of interest. Without pursuing this collision further, it will be sufficient to refer to a note in Metcalf’s Ed. of Starkie’s Treastise on evidence, 2d vol. page 757, •where all the cases are collected. The questions maybe stated thus.
First: Whether the previous declarations of a witness that hq is interested in the event of the suit, is such evidence, of interest as will exclude him from being a witness. Secondly: Whether he is a competent witness for the party by whom he is called in the investigation of that fact.
As to the first, the law recognizes but one mode of establishing a fact by parol proof, and that is by the examination of a witness ore tenus, sworn to speak the truth, *313 and lienee the rule that declarations of third persons are inadmissible. The declarations of a party when they operate against his interest are admitted on the presumption that they are best acquainted with their own rights, and judging from the known influence which interest exercises over the human mind it is a fair inference that he would not make such a declaration unless it was founded in truth. And for the same reason they cannot be used in evidence for him. So far, therefore, as this exception can be regarded as a departure from the principle, it has no application to the declaration of strangers. In the application of the principle to the question under consideration, it will be necessary to ascertain the effect and operation of the declaration on the rights of the parties. — The witness is not a party in the suit, and the defendant offers in evidence his declaration, the effect of which is to deprive the plaintiff of the means of recovering his right. — But let us change the situation of the parties, and suppose that in this investigation the matter in dispute involved the rights of the plaintiff and the witness, or the rights of the defendant and the witness. In the first case, they are the declarations of the one, opera ting in his own favour; and in the next, the defendant would be destroying his own right by proof, that the right was in the witness — so that in any possible modification of the principle the declarations of the witness cannot be regarded as evidence of interest in himself.
But there is another objection to their admissibility, noticed by Mr. Metcalf in the note before referred to.— It assumes the truth of statements made by persons other than the party himself,, not sanctioned by oath or the forms of law, and enables a reluctant and unprincipled witness to deprive a party of the benefit of his testimony at his pleasure. I come, therefore, to the conclusion, that the declaration of a witness that he is interested in *314 the event of the suit are not per se sufficient to deprive the party by whom he is called of the benefit of his examination.
On the second ground, to exclude a witness from giving evidence, it is not enough that he has an interest in the subject matter in litigation — it must be an interest in the event of the particular 'cause. And it is a general presumption arising oht of the nature of the thing, that all persons so interested aré parties. There are, it is true$ very many cases in which there may be disqualifying interests, and in which it is not necessary that their names should appear on the record; but the presumption of competency still attaches, so far as to throw the onus of shewing the interest on him who raises the objection. This he may do, either by purging the witness on his Voire dire, or by evidence aliunde. But until the fact of his interest is established by the judgment of the Court, pronounced on the matter, the presumption must prevail; and it would seem to follow, that until his interest was establishea he ought to be examined. The examination of the witness, on the question of his interest, is strongly supported by necessity — assuming that he has no interest, and such has been before shown is the legal presumption. It could not be anticipated that the objection Would be raised, or that the party by whom he was called could come prepared to repel evidence on that subject^ and in such situation the witness himself would he more likely to furnish explanations of circumstances tending to shew an interest, than any thing else which the party would be able to furnish. The danger of allowing a witness to give evidence who is suspected to have an interest in the event of a suit, even on the question of interest, has not been overlooked on making up this opinion. It is thought, however, that a sufficient security against it will be found in permitting the circumstances tending to *315 shew his interest, to be ysed on the score.of credibility» And this view is certainly more in consonance with the modern improvements on the rules of evidence, which incline to-their admissibility.

Nonsuit set aside.